IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03339-BNB

RAYMOND MEDINA,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Raymond Medina, currently is detained at the Denver County Jail in Denver, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Medina has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    December 11, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On December 31, 2013, pursuant to the Court's directive, Respondents filed a Preliminary Response and a Certificate of Service that they had mailed a copy of the Response to Applicant. On January 8, 2014, the Clerk of the Court determined that the December 11, 2013 Order had not been sent to Applicant and caused it to be sent to Applicant. The Court extended the time for Applicant to submit a Reply, if he desired, to January 29, 2014. Applicant has not filed a Reply.

...

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Applicant asserts that on June 1, 2013, he was arrested and charged with driving under the influence and leaving the scene of an accident that resulted in death and serious bodily injury. Application, ECF No. 1, at 2. Applicant further asserts that he appeared before the parole board on June 28, 2013, was denied a release of his parole hold, and the hearing was continued pending the outcome of the new criminal charges. Applicant argues good cause does not exist to continue a parole revocation hearing and he is being denied his constitutional right to release on bond.

Respondents argue that the Application should be denied because Applicant has failed to exhaust his state court remedies. Prelim. Resp., ECF No. 8, at 4. Respondents attached a list of Applicant's criminal and civil state cases that indicates he has not filed a state court action either in his criminal case or by filing a civil habeas action. *Id.*, at ECF Nos. 8-1 and 8-3.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if

the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Applicant has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate in the Application that he has fairly presented his claims to

any state court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Pittman files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED February 5, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court